Battle, J.
 

 It appears from the bill that the plaintiff, Columbus Mills, and the defendant, 'William S. Mills, were, in the year 1842, duly appointed joint-guardians to the plaintiffs, John C. Camp, and the feme defendant, Sarah Louisa Camp, and to secure the faithful discharge of the duties of their office, gave a joint-bond in the penal sum of $20,000. If, after the marriage of the female ward, and the coming of age of hei^brother, the other ward, a suit in equity were necessary for-¿ailing for an account from their guardians, we can see nothing to object, but much to approve in having it done in one, instead of two or more suits. It is manifest that a bill might have been filed in the name of both wards, as plaintiffs,' against, both guardians, as defendants, in which the respective rights of each plaintiff, and the liabilities of each defendant could have been ascertained, upon which a decree might have been founded to secure such rights, and enforce such liabilities with exact justice to each and all the parties. If one of the wards had declined to become a plaintiff, he or she might have been made a defendant, together with the guardians, and the same result might have been obtained. To a bill in either form, it is certain that the objection of multifariousness would not apply. Such objections may be devided
 
 *276
 
 into three classes of cases: 1st, those in which there are different persons plaintiffs or defendants, of which some have no kind of privity with others. 2ndly. Those in which the same party sues or is sued in different capacities. 3rdly. Those in which the parties are the same, and they sue and are sued in the same capacities, but several and distinct subjects are brought into question.
 

 The present case is clearly excluded from either class; for there is no party that has no kind of privity with the others; there is none that sues or is sued in different capacities, and there are no several and distinct subjects brought into question. See Calvert on Parties to suits in equity, 89 ; (17 Law Lib. 52.)
 

 It only, remains to see whether making one of the guardians a plaintiff instead of a defendant, varies the case, and we think it doe» not. If the allegations of the bill are true, as by the demurrer they are admitted to be, .no relief is sought against Columbus Mills, and there is no necessity that he should have a decree against either of the parties. He is a necessary party to the suit, in order that he may be bound by the final decree in the cause, and he-will be equally bound, whether he be a plaintiff or a defendant; see
 
 Wilkins
 
 v.
 
 Fry,
 
 1 Mer. Rep. 262. It follows that the bill is not multifarious, and the demurrer must be over-ruled.
 

 Per Curiam, Demurrer over-ruled.